IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICA HUGHES | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART, INC, | ) | Fulton County; |
| DOUG VICTOR, NAKITA STONE, | ) | Civil Action File No. |
| ABC CORPORATION and | ) | 22EV002379] |
| JOHN DOE(S) | ) | |
| WALMART, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Defendant Walmart, Inc. named Defendant in the above-captioned matter, through the undersigned counsel and within the time prescribed by law, without waiving any defenses, files this Notice of Removal, respectfully showing this Honorable Court, as follows:

1.

On May 6, 2022 plaintiff Rica Hughes filed a negligence suit against the Defendants in the State Court of Fulton County, Georgia styled as above and numbered as Civil Action File No. 22EV002379. Fulton County is in the Atlanta Division of this Court. 28 U.S.C. § 90 (a)(2).

**1**

2.

Ms. Hughes alleges that slipped and fell within the East Point Walmart resulting in alleged injuries. (See copy of underlying filings, attached hereto as Exhibit A, p. 6, ¶ 7.).

3.

Plaintiff is a Georgia citizen. (*Ex. A*, p. 5, ¶ 1).

4.

Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. It was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit, or at any time thereafter.

5.

On May 20, 2022, plaintiff filed an affidavit of service for defendant "Walmart, Inc./Doug Victor" in which the process server Rodney McClelland averred that he served Mr. Victor through Walmart, Inc.'s registered agent The Corporation Company located at 106 Colony Park Drive Suite 800-B in Cumming, Georgia on May 13, 2022. (*Ex. A*, p. 65).

6.

"Doug Victor" appears to be a misnomer for "Doug Victer."

7.

Doug Victer did not reside at 106 Colony Park Drive Suite 800-B in Cumming, Georgia nor did Douglas Victer reside with Dayvon Jackson on May 13, 2022. (*See Declaration of Doug Victer*, attached hereto as Exhibit "B").

8.

Walmart, Inc., The Corporation Company, and/or Dayvon Jackson are not authorized by law to accept service of summons and plaintiff's Complaint on Mr. Victer's behalf.

9.

Doug Victer has never authorized WalMart, Inc., The Corporation Company, or Dayvon Jackson to accept service on his behalf. *(Ex. B.)*

10.

To date, Doug Victer has not been personally served with process. (*Ex. B*).

11.

To date, lawsuit papers have not been left at Douglas Victer's dwelling house or usual place of abode with someone of suitable age and discretion residing therein. (*Ex. B*).

12.

To date, Doug Victer has not been properly served with process under either O.C.G.A. § 9-11-4 or Fed. R. Civ. P. 4.

3

13.

Doug Victer has asserted service-based defenses in his Answer and Jury Demand. (*Ex. A*).

14.

On May 20, 2022, plaintiff filed an affidavit of service for "Walmart, Inc./Nakita Stone" in which the process server Rodney McClelland averred that he served Ms. Stone through Walmart, Inc.'s registered agent the Corporation Company located at 106 Colony Park Drive Suite 800-B in Cumming, Georgia on May 13, 2022.

14.

Upon information and belief, no person by the name "Nakita Stone" worked for Walmart at the East Point store on the date of the incident.

15.

Walmart, Inc., The Corporation Company, and/or Dayvon Jackson are not authorized by law to accept service of summons and plaintiff's Complaint on "Nakita Stone." *See* O.C.G.A. § 9-11-4; Fed. R. Civ. P. 4.

16.

Fictitious defendants such as "John Does" and "ABC Corporations" are disregarded when determining diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

17.

28 U.S.C. § 1441 provides that "a civil action otherwise removeable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." (emphasis added).

18.

Walmart, Inc. is the sole defendant that has been joined and served with process.

19.

Because the other co-defendants have not been properly served at the time of removal, they cannot defeat diversity jurisdiction. 28 U.S.C. § 1441(b); *Logan v. McKinney Drilling, Inc.*, 2021 WL 354462 (S.D. Ala. Feb 2, 2021) (holding that a defendant is only barred from removing a case if any of the defending parties "properly joined and served" are citizens of the state in which the lawsuit was filed); *See also Seong Ho Hwang v. Gladden*, 2016 WL 9334726 at *7 (M.D. Ala. Dec. 21, 2016) (agreeing with 'the majority of the courts within the Eleventh Circuit" and holding that "the plain language of the Resident Defendant Rule does not prohibit a non-forum defendant from removing a case to federal court, even when there is an unserved forum defendant).

20.

Plaintiff's Complaint alleges that "Doug Victor" and "Nakita Stone" are liable for negligently hiring, training, and supervising "John Doe" Walmart employees. *See Compl.*, generally.

21.

Doug Victer has never personally employed anyone who worked at the East Point Walmart. He has never been personally responsible for the payment of any wages or salary to anyone at the East Point Walmart. (*Ex. B*, ¶ 9).

22.

Doug Victer did not create the policies, procedures, and training materials used by Walmart as part of its efforts to inspect and maintain the East Point Walmart in February of 2021. *(Ex. B, ¶ 10)*.

23.

A party is fraudulently joined if: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Jackson v. Bank of America, NA*, 578 Fed. App'x 856 (11th Cir. 2014) *citing Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011). Fraudulent joinder also exists if a plaintiff has "no real intention to get a joint judgment,

and…there [is] no colorable ground for so claiming." *AIDS Counseling and Testing Centers v. Group W. Television*, 903 F.2d 1000, 1003 (4th Cir. 1990).

24.

Plaintiff cannot recover against either Doug Victer or "Nakita Stone" and have therefore fraudulently joined these parties in an attempt to defeat diversity jurisdiction. Accordingly, the Court should not consider Doug Victer or "Nakita Stone" in determining the existence of diversity jurisdiction.

25.

Plaintiff's complaint alleges past medical expenses of $52,147.31. *Compl.*, p. 3, ¶ 12.

26.

Plaintiff alleges neck pain and lower back pain as well as various radicular injuries including neck pain radiating into her shoulders, finger numbness and tingling, and back pain radiating into her buttock and thigh. *Compl.*, p. 3, ¶ 12.

27.

Plaintiff seeks an unknown award of future medical treatment, past, present, and future pain, and suffering, past present and future loss of ability to enjoy life and "all other damages allowed by Georgia law." *Compl.*, p. 3, ¶ 13.

28.

Plaintiff has also asserted a claim for punitive damages against all

defendants.

29.

Based on the foregoing, the amount in controversy plausibly exceeds $75,000.00. *See* Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 81-82, 135 S. Ct. 547, 553, 554 (2014) (pursuant to 28 U.S.C. §1446(a), a defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

30.

Defendant has timely removed this case pursuant to 28 U.S.C. §1446(b)(1) which provides that the "notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." This Notice of Removal is filed within thirty days of the service of Plaintiff's Complaint upon Defendant on May 13, 2022. (Exhibit "A," p.10).

31.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a) and 1441 because, as demonstrated in the foregoing, complete diversity exists between the only proper parties to this suit that have been joined and served and Defendant has shown by a preponderance of the evidence that it is plausible that

the amount in controversy exceeds $75,000.00.

32.

Pursuant to the provisions of 28 U.S.C. §1446, Defendant has attached copies of all process, pleadings and Orders that were served on and/or provided to Defendant, including copies of all pleadings that have been filed to date in Civil Action File Number 22EV002379 in the State Court of Fulton County, Georgia for the above-styled case.

33.

Pursuant to 28 U.S.C. §1446, Defendant is not required to file a removal bond.

34.

A true and correct copy of this Notice of Removal shall be filed with the Clerk of the State Court of Gwinnett County, as required by 28 U.S.C. §1446.

35.

Written notice of the filing of this Notice of Removal shall be given to all Parties, through their counsel of records, as required by 28 U.S.C. §1446, per the attached Certificate of Service.

This 10th day of June, 2022.

                                  WALDON ADELMAN CASTILLA
                                  HIESTAND & PROUT

                                  /s/ Casey J. Brown_____
                                  Jonathan M. Adelman
                                  Georgia Bar No. 005128
                                  Casey J. Brown
                                  Georgia Bar No. 757384
                                  Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

**10**

## **CERTIFICATE OF COMPLIANCE**

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1B.  The foregoing pleading has been prepared in 14-point Times New Roman font.

This 10th day of June, 2022.

                                              WALDON ADELMAN CASTILLA
                                              HIESTAND & PROUT

                                              /s/ Casey J. Brown_____
                                              Jonathan M. Adelman
                                              Georgia Bar No. 005128
                                              Casey J. Brown
                                              Georgia Bar No. 757384
                                              Attorneys for Defendants

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [Removed from |
| | ) | The State Court of |
| WALMART, INC, | ) | Fulton County; |
| DOUG VICTOR, NAKITA STONE, | ) | Civil Action File No. |
| ABC CORPORATION and | ) | 22EV002379] |
| JOHN DOE(S) | ) | |
| WALMART, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 10th day of June, 2022, I electronically filed the foregoing *Notice of Filing of Notice of Removal to Federal Court* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Jameson Sackey
Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, GA 30350

**12**

This 10th day of June, 2022.

                        WALDON ADELMAN CASTILLA
                        HIESTAND & PROUT

                        /s/ Casey J. Brown_____
                        Jonathan M. Adelman
                        Georgia Bar No. 005128
                        Casey J. Brown
                        Georgia Bar No. 757384
                        Attorneys for Defendants

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

**13**