State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Fulton_____ County

| For Clerk Use Only |
| --- |
| Date Filed _____ |
| MM-DD-YYYY |
| Case Number _____ |

**Plaintiff(s)**

Hughes, Rica
Last          First          Middle I.      Suffix      Prefix

_____
Last          First          Middle I.      Suffix      Prefix

_____
Last          First          Middle I.      Suffix      Prefix

_____
Last          First          Middle I.      Suffix      Prefix

**Defendant(s)**

Walmart, Inc
Last          First          Middle I.      Suffix      Prefix

Victor, Doug
Last          First          Middle I.      Suffix      Prefix

Stone, Nakita
Last          First          Middle I.      Suffix      Prefix

ABC Corporation
Doe(s), John
Last          First          Middle I.      Suffix      Prefix

**Plaintiff's Attorney** _Jameson Sackey_____   **State Bar Number** _584648_____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☒ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
Case Number                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Rica Hughes
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Doug Victor
112 North Main Street
Cumming, Georgia 30040
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jameson Sackey/Monge & Associates

Address: 8205 Dunwoody Place, Building 19

City, State, Zip Code: Atlanta, Georgia 30350          Phone No.: 800-899-5750

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.          _____
                                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Rica Hughes _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Nakita Stone _____

112 North Main Street _____

Cumming, Georgia 30040 _____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jameson Sackey/Monge & Associates _____

Address: 8205 Dunwoody Place, Building 19 _____

City, State, Zip Code: Atlanta, Georgia 30350 _____     Phone No.: 800-899-5750 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV002693**
**5/6/2022 11:57 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Rica Hughes _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Walmart, Inc. _____

112 North Main Street, _____

Cumming, Georgia 30040 _____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Jameson Sackey/Monge & Associates _____

Address: 8205 Dunwoody Place, Building 19 _____

City, State, Zip Code: Atlanta, Georgia 30350_____        Phone No.:  800-899-5750 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR PERSONAL INJURIES

NOW COMES, Rica Hughes (hereinafter "Plaintiff") in the above-styled matter and shows this Court the following facts and circumstances in support of this Complaint.

1.

Plaintiff resides in Decatur, DeKalb County, Georgia and is subject to the jurisdiction of this court.

2.

Walmart, Inc. (hereinafter "Defendant Walmart") is subject to the jurisdiction of this Court and pursuant to O.C.G.A. § 9-11-4(e)(1) can be served with a Summons and Complaint for Personal Injuries, Interrogatories and Request for Production of Documents and Request for Admissions through its Registered Agent The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

1

3.

Doug Victor (hereinafter "Defendant Victor") is subject to the jurisdiction of this Court and pursuant to O.C.G.A. § 9-11-4 (e)(1) can be served with a Summons and Complaint for Personal Injuries, Interrogatories and Request for Production of Documents and Request for Admissions through Registered Agent The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

4.

Nakita Stone (hereinafter "Defendant Stone") is subject to the jurisdiction of this Court and pursuant to O.C.G.A. § 9-11-4(e)(1) and can be served with a Summons and Complaint for Personal Injuries, Interrogatories and Request for Production of Documents and Request for Admissions through Registered Agent The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

5.

Defendant, ABC Corporation is unidentified and unknown at this time.

6.

Defendant, John Doe(s), is unidentified and unknown at this time.

7.

On November February 6, 2021, Plaintiff was an invitee on the premises of Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344. Plaintiff was in the Garden Center, then proceeded to enter the store, when the Plaintiff slipped and fell in a clear wet substance in the middle of the isle inside the store.  There were no caution signs down at the time of the subject incident.

8.

At all relevant times, Defendant John Doe(s) was employed by Walmart.

9.

At all relevant times, Defendant Victor was the manager at the subject Walmart.

10.

At all relevant times, Defendant Stone was the manager at the subject Walmart.

11.

The Plaintiff complained of injuries at the scene which required emergency room treatment and follow-up therapy.

12.

The Plaintiff was diagnosed neck pain radiating to bilateral shoulders and arms, back pain, chest pain, left leg pain, right thigh pain radiating to her buttocks and finger numbness and tingling and has incurred medical special damages in excess of $52,147.31.

13.

The Defendants are indebted to the Plaintiff for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; and all other damages allowed by Georgia law.

14.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

15.

As a direct result of Defendants' negligent conduct, Plaintiff incurred objective injuries requiring emergency room treatment and follow-up therapy.

3

16.

This is a clear liability case caused by Defendants' negligent conduct.

17.

This is a clear liability case with no bona fide controversy related to Defendants' negligence.

## NEGLIGENT HIRING, TRAINING, RETENTION, & SUPERVISION AS TO WALMART, INC.

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Walmart, Inc. was negligent in hiring Defendant Victor and entrusting Defendant Victor supervise employees for Walmart, including, but not limited to, Defendant John Doe.

20.

Defendant Walmart, Inc. was negligent in hiring Defendant Stone and entrusting Defendant Stone to supervise employees for Walmart including, but not limited to, Defendant John Doe.

21.

Defendant Walmart, Inc. was negligent in failing to properly train Defendant Victor, Defendant Stone and Defendant John Doe(s).

22.

4

Defendant Walmart, Inc. was negligent in retaining Defendant Victor, Defendant Stone and Defendant John Doe(s).

23.

Defendant Walmart, Inc. was negligent in failing to properly supervise Defendant Victor, Defendant Stone and Defendant John Doe(s).

24.

Defendant Walmart, Inc.'s negligence in hiring Defendant Victor, Defendant Stone and Defendant John Doe(s) and entrusting Defendant Victor, Defendant Stone and Defendant John Doe(s) with supervision of employees and failing to train and supervise Defendant Victor, Defendant Stone and Defendant John Doe(s) was the sole and proximate cause of the Plaintiff's resulting injuries.

<u>NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION AS TO DEFENDANT VICTOR AND DEFENDANT STONE</u>

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendants Victor and Stone were negligent in hiring Defendant John Doe and entrusting them to properly inspect the area for hazardous conditions.

27.

Defendants Victor and Stone were negligent in failing to properly train Defendant John Doe(s).

28.

Defendants Victor and Stone were negligent in retaining Defendant John Doe(s).

29.

Defendants Victor and Stone were negligent in failing to properly supervise Defendant John Doe(s).

30.

Defendants Victor and Stone's negligence in hiring and entrusting Defendant John Doe(s) to inspect the premises for hazardous conditions, failing to train and supervise Defendant John Doe(s), and negligently retaining Defendant John Doe(s) was the sole and proximate cause of the Plaintiff's resulting injuries.

## PUNITIVE DAMAGES

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

a.    That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

6

b.      That Plaintiff recover for physical and mental pain and suffering in an amount to

be determined by the enlightened conscience of a jury;

c.      That Plaintiff recover punitive damages in an amount to be determined by the

enlightened conscience of a jury; and

d.      That Plaintiff recover such other and further relief as is just and proper.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

7

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT DOUG VICTOR

COMES NOW Rica Hughes (hereinafter "Plaintiff") who pursuant to O.C.G.A. § 9-11-36 requests that Doug Victor (hereinafter "Defendant Victor") admit or deny the truth of the following statement with the time allowed by law and that it serves a copy of its responses hereto upon Monge & Associates, P.C., 8205 Dunwoody Place Building 19, Atlanta, GA. 30350 within forty-five (45) days of service.

1.

Please admit that the Defendant have been properly served with the Summons and Complaint as required by law.

2.

Please admit that this court has personal jurisdiction over the Defendant.

3.

Please admit that this court has subject-matter jurisdiction in this case.

4.

Please admit that venue is proper in this court.

1

5.

Please admit that the Defendant do not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit the incident giving rise to the subject action occurred on February 6, 2021.

7.

Please admit that Defendant is a proper party to this action.

8.

Please admit that the Defendant was negligent per se in causing the Plaintiff's subject injuries.

9.

Please admit that the Plaintiff was physically injured as a result of the incident.

10.

Please admit that you or someone on your behalf has obtained copies of the Plaintiff's medical records to show Plaintiff was physically injured in the incident.

11.

Please admit that you or someone on your behalf has conducted surveillance on the Plaintiff.

12.

Please admit that you or someone on your behalf has conducted a background check on the Plaintiff.

13.

Please admit that you or someone on your behalf gave a written or recorded statement to your insurance company before Plaintiff filed this action.

14.

Please admit that Defendant has no written report of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

15.

Please admit that Defendant has not preserved the video tape evidence of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

16.

Please admit that Defendant Victor was a manager at the subject Walmart on the date of the incident in question.

17.

Please admit that Defendant Stone was a manager at the subject Walmart on the date of the incident in question.

18.

Please admit that the floor where Plaintiff slipped and fell was wet on the date of the incident in question.

19.

Please admit that there were no caution signs placed within a close proximity to where Plaintiff slipped and fell on the date of the incident in question.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT WALMART, INC.

COMES NOW Rica Hughes (hereinafter "Plaintiff") who pursuant to O.C.G.A. § 9-11-36 requests that Walmart, Inc. (hereinafter "Defendant") admit or deny the truth of the following statement with the time allowed by law and that it serves a copy of its responses hereto upon Monge & Associates, P.C., 8205 Dunwoody Place Building 19, Atlanta, GA. 30350 within forty-five (45) days of service.

### 1.

Please admit that the Defendant have been properly served with the Summons and Complaint as required by law.

### 2.

Please admit that this court has personal jurisdiction over the Defendant.

### 3.

Please admit that this court has subject-matter jurisdiction in this case.

### 4.

Please admit that venue is proper in this court.

1

5.

Please admit that the Defendant do not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit the incident giving rise to the subject action occurred on February 6, 2021.

7.

Please admit that Defendant is a proper party to this action.

8.

Please admit that the Defendant was negligent per se in causing the Plaintiff's subject injuries.

9.

Please admit that the Plaintiff was physically injured as a result of the incident.

10.

Please admit that you or someone on your behalf has obtained copies of the Plaintiff's medical records to show Plaintiff was physically injured in the incident.

11.

Please admit that you or someone on your behalf has conducted surveillance on the Plaintiff.

12.

Please admit that you or someone on your behalf has conducted a background check on the Plaintiff.

13.

Please admit that you or someone on your behalf gave a written or recorded statement to your insurance company before Plaintiff filed this action.

14.

Please admit that Defendant has no written report of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

15.

Please admit that Defendant has not preserved the video tape evidence of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

16.

Please admit that Defendant Victor was a manager at the subject Walmart on the date of the incident in question.

17.

Please admit that Defendant Stone was a manager at the subject Walmart on the date of the incident in question.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT NAKITA STONE

COMES NOW Rica Hughes (hereinafter "Plaintiff") who pursuant to O.C.G.A. § 9-11-36 requests that Nakita Stone (hereinafter "Defendant Stone") admit or deny the truth of the following statement with the time allowed by law and that it serves a copy of its responses hereto upon Monge & Associates, P.C., 8205 Dunwoody Place Building 19, Atlanta, GA. 30350 within forty-five (45) days of service.

1.

Please admit that the Defendant have been properly served with the Summons and Complaint as required by law.

2.

Please admit that this court has personal jurisdiction over the Defendant.

3.

Please admit that this court has subject-matter jurisdiction in this case.

4.

Please admit that venue is proper in this court.

1

5.

Please admit that the Defendant do not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit the incident giving rise to the subject action occurred on February 6, 2021.

7.

Please admit that Defendant is a proper party to this action.

8.

Please admit that the Defendant was negligent per se in causing the Plaintiff's subject injuries.

9.

Please admit that the Plaintiff was physically injured as a result of the incident.

10.

Please admit that you or someone on your behalf has obtained copies of the Plaintiff's medical records to show Plaintiff was physically injured in the incident.

11.

Please admit that you or someone on your behalf has conducted surveillance on the Plaintiff.

12.

Please admit that you or someone on your behalf has conducted a background check on the Plaintiff.

13.

Please admit that you or someone on your behalf gave a written or recorded statement to your insurance company before Plaintiff filed this action.

14.

Please admit that Defendant has no written report of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

15.

Please admit that Defendant has not preserved the video tape evidence of the February 6, 2021, incident involving Plaintiff at the Walmart #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

16.

Please admit that Defendant Victor was a manager at the subject Walmart on the date of the incident in question.

17.

Please admit that Defendant Stone was a manager at the subject Walmart on the date of the incident in question.

18.

Please admit that the floor where Plaintiff slipped and fell was wet on the date of the incident in question.

19.

Please admit that there were no caution signs placed within a close proximity to where Plaintiff slipped and fell on the date of the incident in question.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff


8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT DOUG VICTOR

COMES NOW, Rica Hughes (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Doug Victor (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)      The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

Please identify the person or persons responding to these Interrogatories.  Please identify in your answer each person who has provided information in connection with these interrogatory answers.

2.

Identify the owner of the premises known as the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344 on February 6, 2021.

3.

Identify the party who was responsible for maintaining the walkways and common areas of the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344 on February 6, 2021.

4.

Identify any person or a party other than the Defendants to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

5.

Identify each employee, agent and/or servant, or any other person with knowledge of the incident. For each such individual, identify his or her job title and job function being performed by that individual at the time of this incident, and the summary of what knowledge the witness has.

6.

Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived at the scene of Plaintiff's February 6, 2021, slip and fall within five (5) hours after the accident.

7.

If anyone investigated this matter for you including, but not limited to, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

8.

Identify each person interviewed concerning the incident. For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed, and the name address for the present custodian of each such item.

9.

Identify each written report made by any person concerning the incident.

10.

Please state in your own words what you believe happened to the Plaintiff while she was on the Premises, and include in your answer the basis upon which you have formed that belief.

11.

State whether or not the Premises were equipped with a video surveillance camera and, if so, whose responsibility it was on the date of the occurrence to monitor the surveillance camera and whether there are still tapes from the date of the occurrence and the week both before and after the occurrence.

12.

Describe the lighting, both artificial and natural, of the area in question at the time the plaintiff was injured.

13.

If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects relative to the occurrence, the Plaintiff's physical condition or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

14.

Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and the custodian of such statement.

15.

State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

16.

Do you believe that you did everything that you could to prevent Plaintiff's injuries? Set forth everything that you did to avoid the accident that occurred.

17.

Please state your position with Walmart and how long have you been employed at the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

18.

Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last 10 years.

19.

Identify any procedures in place at and before the time of the occurrence, concerning the inspection, repair, maintenance, cleaning, and/or water removal of the area where Plaintiff's injuries occurred.

20.

Identify any warnings, whether verbal or written (such as by a sign or otherwise) which were given to the Plaintiff specifically, and/or to other invitees to the Premises, in general before the occurrence concerning the condition which caused or contributed to the occurrence.

21.

Do you think Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by Plaintiff or anyone else? Set forth all facts upon which you intend to rely upon at trial to support your answer.

22.

Identify when you were first notified of the fact that the area in which Plaintiff fell presented a hazardous condition to invitees on the Premises because of water on the floor.

23.

At the time of Plaintiff's injury, do you contend that any person or entity other than you managed or controlled the Premises on which Plaintiff alleges she was injured? If so, state each and every fact on which you base the contention and identify each writing that supports that contention.

24.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and/or your employees, agents, and/or servants was responsible for the maintenance of the Premises on which Plaintiff alleges she was injured? If so, state each fact on which you base your contention and identify each and every writing that supports that contention.

25.

Do you believe that a reasonably prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall?

26.

In your own words please describe what training procedures, if any, are followed in the course of training employees with regard to invitees on the Premises slipping and/or falling. This includes any written material, slides, photographs, films, videotapes, etc. which Walmart utilizes in training employees on how to avoid slip and fall injuries.

27.

Please state whether or not you were the manager on duty at the time of the subject incident.

28.

Please identify the manager or assistant manager on duty at the time of the subject incident.

29.

Please state your address, telephone number, email address, and how long you have worked at the subject Walmart location.

30.

Please describe any and all conversations you have had with Plaintiff on the date of the incident in question.

31.

Please describe any and all conversations you have had with Plaintiff since the date of the incident in question.

32.

Please describe every conversation that you have had with any Walmart employee or upper-level management regarding the incident in question.

33.

Please state whether you have ever been disciplined, reprimanded, suspended, or terminated for any reason while being employed at Walmart.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WALMART, INC.

COMES NOW, Rica Hughes (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Walmart, Inc. (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

1

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)      The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

a.      Was an eyewitness to the incident complained of in this action;

b.      Has some knowledge of any fact or circumstance upon which your defense is based;

c.      Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof

3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

     a.     Date of the incident;

     b.     Name, address and telephone phone number of the injured person;

     c.     Description of the incident.

6.

Please state the identity of each person working on the premises with any duties for the area where the incident occurred on the date of this incident.

7.

Has any entity issued a policy of liability insurance to the Defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

8.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

9.

Do you contend that the Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

10.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

11.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

12.

In regard to any document that has not been produced on grounds of privilege, please state the following:

    a.    The date each document was generated;

    b.    The person generating each document;

    c.    The present custodian of each document;

    d.    A description of each document.

13.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the Complaint, including the person's name, current address, current employer and telephone number.

14.

Have there ever been any complaints made about the area where this incident occurred?  If so, please state:

      a.        The date(s) of each complaint;

      b.        The person(s) making each complaint;

      c.        The nature of each complaint;

      d.        Any action taken as a result of each complaint.

15.

Were there any contracts or agreements with other individuals or entities regarding the maintenance or inspection of the property where the Plaintiff fell as described in the Complaint? If so, state;

      a.        The indemnity of the contracting parties;

      b.        The address and telephone number of the contracting parties;

      c.        The duties of the contracting parties.

16.

Please identify each and every witness or employee in the vicinity of the area where the Plaintiff fell at the time of the incident.  In regard to each employee, please state:

      a.        The name of the person;

      b.        The address of each person;

      c.        The telephone number of each person;

      d.        The shift worked by each person if any employee;

      e.        The job duties and responsibilities of each person if an employee.

17.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18.

Has there been any audits, inspections or evaluations of the area where the Plaintiff fell for the past five years?

19.

Please state whether there were any caution or warning signs in the area where the Plaintiff slipped and fell as described in the Complaint, at the time of his fall.

20.

Please state whether Defendants placed any caution or warning signs in the area where the Plaintiff slipped and fell as described in the Complaint, after the time of his fall.

21.

Please identify and describe any conversations between Defendants or their agents, managers, employees, or representatives from the time of the slip and fall to the present.

22.

Please identify the manager or assistant manager on duty on the date of this slip and fall.

23.

State whether the Walmart in question has ever been a party to any civil lawsuit. If the answer is affirmative, please state as to each instance, the claim alleged, the date of resolution, verdict, or judgment, and the court having jurisdiction (identified by court, county, and state).

24.

Please list any disciplinary actions taken against Defendants Victor and Stone throughout their tenure at Walmart.

25.

Please identify the employee responsible for inspecting and cleaning the aisle where Plaintiff slipped and fell on the date of the incident in question.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT NAKITA STONE

COMES NOW, Rica Hughes (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Nakita Stone (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

1

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.     "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.     To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)     The title or other means of identification of each such document;

(b)     The date of each such document;

(c)     The author of each such document;

(d)     The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)     The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)     The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)     If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.     To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

2

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

Please identify the person or persons responding to these Interrogatories.  Please identify in your answer each person who has provided information in connection with these interrogatory answers.

2.

Identify the owner of the premises known as the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344 on February 6, 2021.

3.

Identify the party who was responsible for maintaining the walkways and common areas of the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344 on February 6, 2021.

4.

Identify any person or a party other than the Defendants to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

5.

Identify each employee, agent and/or servant, or any other person with knowledge of the incident. For each such individual, identify his or her job title and job function being performed by that individual at the time of this incident, and the summary of what knowledge the witness has.

6.

Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived at the scene of Plaintiff's February 6, 2021, slip and fall within five (5) hours after the accident.

7.

If anyone investigated this matter for you including, but not limited to, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

8.

Identify each person interviewed concerning the incident. For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed, and the name address for the present custodian of each such item.

9.

Identify each written report made by any person concerning the incident.

10.

Please state in your own words what you believe happened to the Plaintiff while she was on the Premises, and include in your answer the basis upon which you have formed that belief.

11.

State whether or not the Premises were equipped with a video surveillance camera and, if so, whose responsibility it was on the date of the occurrence to monitor the surveillance camera and whether there are still tapes from the date of the occurrence and the week both before and after the occurrence.

12.

Describe the lighting, both artificial and natural, of the area in question at the time the plaintiff was injured.

13.

If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects relative to the occurrence, the Plaintiff's physical condition or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

14.

Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and the custodian of such statement.

15.

State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

16.

Do you believe that you did everything that you could to prevent Plaintiff's injuries? Set forth everything that you did to avoid the accident that occurred.

17.

Please state your position with Walmart and how long have you been employed at the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344.

18.

Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last 10 years.

19.

Identify any procedures in place at and before the time of the occurrence, concerning the inspection, repair, maintenance, cleaning, and/or water removal of the area where Plaintiff's injuries occurred.

20.

Identify any warnings, whether verbal or written (such as by a sign or otherwise) which were given to the Plaintiff specifically, and/or to other invitees to the Premises, in general before the occurrence concerning the condition which caused or contributed to the occurrence.

21.

Do you think Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by Plaintiff or anyone else? Set forth all facts upon which you intend to rely upon at trial to support your answer.

22.

Identify when you were first notified of the fact that the area in which Plaintiff fell presented a hazardous condition to invitees on the Premises because of water on the floor.

23.

At the time of Plaintiff's injury, do you contend that any person or entity other than you managed or controlled the Premises on which Plaintiff alleges she was injured? If so, state each and every fact on which you base the contention and identify each writing that supports that contention.

24.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and/or your employees, agents, and/or servants was responsible for the maintenance of the Premises on which Plaintiff alleges she was injured? If so, state each fact on which you base your contention and identify each and every writing that supports that contention.

25.

Do you believe that a reasonably prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall?

26.

In your own words please describe what training procedures, if any, are followed in the course of training employees with regard to invitees on the Premises slipping and/or falling. This includes any written material, slides, photographs, films, videotapes, etc. which Walmart utilizes in training employees on how to avoid slip and fall injuries.

27.

Please state whether or not you were the manager on duty at the time of the subject incident.

28.

Please identify the manager or assistant manager on duty at the time of the subject incident.

29.

Please state your address, telephone number, email address, and how long you have worked at the subject Walmart location.

30.

Please describe any and all conversations you have had with Plaintiff on the date of the incident in question.

31.

Please describe any and all conversations you have had with Plaintiff since the date of the incident in question.

32.

Please describe every conversation that you have had with any Walmart employee or upper-level management regarding the incident in question.

33.

Please state whether you have ever been disciplined, reprimanded, suspended, or terminated for any reason while being employed at Walmart.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC

Pursuant to O.C.G.A. § 9-11-34, Rica Hughes (hereinafter "Plaintiff") hereby requests that Walmart, Inc. (hereinafter "Defendant") produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced to the Plaintiff at 10:00 a.m. on the first business day following the 45th day after service of this Request, unless other arrangements are made between the parties.

1

<u>REQUESTS</u>

1.

Please produce all statements or reports with regards to the incident in question.

2.

Please produce all videotapes, photographs, plats and drawings with regards to the incident in question.

3.

Please produce any incident report, memoranda, handwritten note or other documents or materials with regards to the incident in question.

4.

Please produce any videotape, photographs, report, data, memoranda, handwritten notes or other documents reviewed or generated by an individual with regards to the incident in question.

5.

Please produce any documents obtained through a request for production of documents or subpoena with regards to the incident in question.

6.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure for inspecting and/or cleaning floors for Defendant.

7.

Please produce any and all policy and procedure manuals, handbooks, or any other instructional material given to Defendant's employees.

8.

Please produce any and all videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the Plaintiff or the incident in question.

9.

Please produce the payroll records for the Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

10.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints made about the area where the incident occurred within the past five years.

11.

Please produce any incident report or other report concerning the incident described in the Complaint.

12.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

13.

Please produce any and all leases, service agreements, and/or contracts with outside contractors or agencies for performance of maintenance services in the area where the Plaintiff fell.

14.

Please produce any and all e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the Plaintiff and/or the incident in question.

15.

Please produce any and all invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the past five (5) years.

16.

Please produce any and all invoices, records, proposals, work orders, maintenance records or other documents for work performed on the ice machine where this incident occurred in the past five (5) years.

17.

Please produce any changes made to policies, procedures, protocols, rules, regulations and guidelines regarding safety, incident response, inspection, maintenance, and/or cleaning since this incident.

18.

Please produce all surveillance videos taken inside and outside of Defendant on the day of the incident.

19.

Please produce any and all maintenance records, work orders or other documents concerning the area where this incident occurred for the past five (5) years.

20.

Please produce any and all maintenance records, work orders or other documents concerning the ice machine where this incident occurred for the past five (5) years.

21.

Please produce any and all daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five (5) years.

22.

Please produce any and all invoices, receipts, change orders, work orders, spreadsheets, compute documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the Plaintiff fell for the past five (5) years.

23.

Please provide any documentation and/or case files pertaining to any civil actions this subject Walmart has been a party to.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT DOUG VICTOR

COMES NOW, Rica Hughes (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Doug Victor (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)     The title or other means of identification of each such document;

(b)     The date of each such document;

(c)     The author of each such document;

(d)     The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)     The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)     The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)     If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

2

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>REQUESTS</u>

1.

All statements of the Plaintiff taken by or on behalf of the Defendant(s) or reproductions of any recorded statements of the Plaintiff.

2.

Accident/incident report prepared by or on behalf of the Defendant concerning the subject incident.

3.

Photographs of the area where the subject incident occurred taken within one hour of the occurrence of the incident.

4.

Photographs of the area where the subject incident occurred taken more than one hour after occurrence of the incident.

5.

Any surveillance video showing the area of the incident shortly before, during and after the incident occurred.

6.

Any statements of any witnesses taken by or on behalf of the Defendant or reproductions of any recorded statements of the Plaintiff.

7.

Any photographs which depict any foreign or transitory substance on the floor in the area where Plaintiff fell.

8.

Defendant's policies and procedures manual in effect on the date of the subject incident pertaining to issues such as maintenance of Defendants' pathways guarding against slip and fall incidents, etc.

9.

A copy of the front and back of your driver's license.

10.

A copy of your complete employee profile.

11.

Any written correspondence exchanged between you, upper-level management, or Walmart's corporate office regarding this subject incident, including, but not limited to, emails, letters, statements, and text messages.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

5

State Court of Fulton County
**E-FILED**
22EV002693
5/6/2022 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| WALMART, INC, | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| | ) | |
| **Defendant.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT NAKITA STONE

COMES NOW, Rica Hughes (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Nakita Stone (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)      The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

2

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>REQUESTS</u>

1.

 All statements of the Plaintiff taken by or on behalf of the Defendant(s) or reproductions of any recorded statements of the Plaintiff.

2.

Accident/incident report prepared by or on behalf of the Defendant concerning the subject incident.

3.

Photographs of the area where the subject incident occurred taken within one hour of the occurrence of the incident.

4.

Photographs of the area where the subject incident occurred taken more than one hour after occurrence of the incident.

5.

Any surveillance video showing the area of the incident shortly before, during and after the incident occurred.

6.

Any statements of any witnesses taken by or on behalf of the Defendant or reproductions of any recorded statements of the Plaintiff.

7.

Any photographs which depict any foreign or transitory substance on the floor in the area where Plaintiff fell.

8.

Defendant's policies and procedures manual in effect on the date of the subject incident pertaining to issues such as maintenance of Defendants' pathways guarding against slip and fall incidents, etc.

9.

A copy of the front and back of your driver's license.

10.

A copy of your complete employee profile.

11.

Any written correspondence exchanged between you, upper-level management, or Walmart's corporate office regarding this subject incident, including, but not limited to, emails, letters, statements, and text messages.

This the 6th day of May 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
22EV002693
5/20/2022 3:23 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Rica Hughes,

        Plaintiff(s),

vs.

**Case No.: 22EV002693**

Walmart, Inc., Doug Victor, Nakita Stone, ABC
Corporation, and John Doe(s),

        Defendant(s).

_____/

### AFFIDAVIT OF SERVICE

    Personally appeared before me the undersigned officer duly authorized to administer oaths, Rodney McClellan, who, after being duly sworn, deposes and states the following:

1.

    Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

    I served Walmart, Inc./Doug Victor with a Summons, Complaint for Personal Injuries, Plaintiff's First Interrogatories to Defendant Walmart, Inc., Plaintiff's First Request for Production of Documents to Defendant Walmart, Inc., Plaintiff's First Request for Admissions to Defendant Walmart, Inc., Plaintiff's First Interrogatories to Defendant Nakita Stone, Plaintiff's First Request for Production of Documents to Defendant Nakita Stone, Plaintiff's First Request for Admissions to Defendant Nakita Stone, Plaintiff's First Interrogatories to Defendant Doug Victor, Plaintiff's First Request for Production of Documents to Defendant Doug Victor, Plaintiff's First Request for Admissions to Defendant Doug Victor and General Civil and Domestic Relations Case Filing Information Form by leaving the documents with Dayvon Jackson, agent at The Corporation Company (FL), Registered Agent of Walmart, Inc./Doug Victor at said person's place of employment/place of business located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040 on May 13, 2022 at 9:37 AM.



Signed and sworn to before me on
this **18** day of **May**, 20 **22**
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

**Rodney McClellan**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330





*5142603*

State Court of Fulton County
**E-FILED**
22EV002693
5/20/2022 3:23 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Rica Hughes,

        Plaintiff(s),

vs.

Walmart, Inc., Doug Victor, Nakita Stone, ABC
Corporation, and John Doe(s),

        Defendant(s).

Case No.: 22EV002693

_____/

### AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Rodney McClellan, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Walmart, Inc. with a Summons, Complaint for Personal Injuries, Plaintiff's First Interrogatories to Defendant Walmart, Inc., Plaintiff's First Request for Production of Documents to Defendant Walmart, Inc., Plaintiff's First Request for Admissions to Defendant Walmart, Inc., Plaintiff's First Interrogatories to Defendant Nakita Stone, Plaintiff's First Request for Production of Documents to Defendant Nakita Stone, Plaintiff's First Request for Admissions to Defendant Nakita Stone, Plaintiff's First Interrogatories to Defendant Doug Victor, Plaintiff's First Request for Production of Documents to Defendant Doug Victor, Plaintiff's First Request for Admissions to Defendant Doug Victor and General Civil and Domestic Relations Case Filing Information Form by leaving the documents with Dayvon Jackson, agent at The Corporation Company (FL), Registered Agent of Walmart, Inc. at said person's place of employment/place of business located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040 on May 13, 2022 at 9:37 AM.

Signed and sworn to before me on
this 18 day of MAY, 20 22
by an affiant who is personally known to me
or produced identification.

_____
Notary Public



**Rodney McClellan**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330




*5142602*

State Court of Fulton County
**E-FILED**
22EV002693
5/20/2022 3:23 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Rica Hughes,

      Plaintiff(s),

vs.

                                    Case No.: 22EV002693

Walmart, Inc., Doug Victor, Nakita Stone, ABC
Corporation, and John Doe(s),

      Defendant(s).

_____/

### AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Rodney McClellan, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Walmart, Inc. / Nakita Stone, with a Summons, Complaint for Personal Injuries, Plaintiff's First Interrogatories to Defendant Walmart, Inc., Plaintiff's First Request for Production of Documents to Defendant Walmart, Inc., Plaintiff's First Request for Admissions to Defendant Walmart, Inc., Plaintiff's First Interrogatories to Defendant Nakita Stone, Plaintiff's First Request for Production of Documents to Defendant Nakita Stone, Plaintiff's First Request for Admissions to Defendant Nakita Stone, Plaintiff's First Interrogatories to Defendant Doug Victor, Plaintiff's First Request for Production of Documents to Defendant Doug Victor, Plaintiff's First Request for Admissions to Defendant Doug Victor and General Civil and Domestic Relations Case Filing Information Form by leaving the documents with Dayvon Jackson, agent at The Corporation Company (FL) , Registered Agent of Walmart, Inc. / Nakita Stone, at said person's place of employment/place of business located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040 on May 13, 2022 at 9:37 AM.



**Rodney McClellan**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

Signed and sworn to before me on
this  18  day of  MAY  , 20 22
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

COEN CARDELLI
NOTARY
EXPIRES
GEORGIA
February 13, 2026
PUBLIC
FORSYTH COUNTY




*5142604*

State Court of Fulton County
**E-FILED**
22EV002693
6/10/2022 2:11 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

RICA HUGHES,                              )
                                          )
        Plaintiff,                        )
                                          )       Civil Action File
vs.                                       )       No. 22EV002379
                                          )
WALMART, INC.                             )
DOUG VICTOR, NAKITA STONE,                )
ABC CORPORATION and                       )
JOHN DOE(S)                               )
AND WALMART, INC                          )
                                          )
        Defendants.                       )

## ANSWER AND JURY DEMAND OF DEFENDANT DOUG VICTER

Defendant Doug Victer (incorrectly named in the Complaint as "Doug Victor") by and through counsel, answers plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence to the extent that she could have avoided any alleged hazard through the exercise of ordinary care.

## SECOND DEFENSE

Plaintiff's claims are barred as she voluntarily assumed the risk of injury.

## THIRD DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted as to

this defendant.

## FOURTH DEFENSE

Service of process is insufficient upon this defendant.

## FIFTH DEFENSE

This Court lacks personal jurisdiction over this defendant.

## SIXTH DEFENSE

Plaintiff has failed to state a claim upon which punitive damages may be awarded against this defendant.

## SEVENTH DEFENSE

Any award of punitive damages is subject to any Constitutional or statutory limitations on this defendant.

## EIGHTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, Defendant answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant denies the allegations of paragraph 3.

4.

Defendant denies the allegations of paragraph 4.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.

Defendant admits that plaintiff fell on February 6, 2021 in or near the Garden Center of the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344. Defendant denies that there were no caution signs down at the time of the incident. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant denies the allegations of paragraph 10.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14.

15.

Defendant denies the allegations of paragraph 15.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant incorporates and re-alleges its responses to paragraphs 1-17 inclusive.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24.

25.

Defendant incorporates and re-alleges its responses to paragraphs 1-24 inclusive.

26.

Defendant denies the allegations of paragraph 26.

27.

Defendant denies the allegations of paragraph 27.

28.

Defendant denies the allegations of paragraph 28.

29.

Defendant denies the allegations of paragraph 29.

30.

Defendant denies the allegations of paragraph 30.

31.

Defendant incorporates and re-alleges its responses to paragraphs 1-30 inclusive.

32.

Defendant denies the allegations of paragraph 32.

33.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by Defendant.

WHEREFORE having answered, Defendant prays that they it discharged, with its costs, that it receive a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 10th day of June, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant Doug Victer

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Jameson Sackey

Monge & Associates

8205 Dunwoody Place

Building 19

Atlanta, GA 30350

This 10<u>th</u> day of June, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant Doug Victer

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

State Court of Fulton County
**E-FILED**
22EV002693
6/10/2022 2:11 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICA HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 22EV002379 |
| | ) | |
| WALMART, INC. | ) | |
| DOUG VICTOR, NAKITA STONE, | ) | |
| ABC CORPORATION and | ) | |
| JOHN DOE(S) | ) | |
| AND WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANT WALMART, INC.

Defendant Walmart, Inc., by and through counsel, answers plaintiff's

Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence to the

extent that she could have avoided any alleged hazard through the exercise of

ordinary care.

### SECOND DEFENSE

Plaintiff's claims are barred as she voluntarily assumed the risk of injury.

### THIRD DEFENSE

Plaintiff has failed to state a claim upon which punitive damages may be

awarded against this defendant.

## FOURTH DEFENSE

Any award of punitive damages is subject to any Constitutional or statutory limitations on this defendant.

## FIFTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, Defendant answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant denies the allegations of paragraph 3.

4.

Defendant denies the allegations of paragraph 4.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.

Defendant admits that plaintiff fell on February 6, 2021 in or near the Garden Center of the Walmart Supercenter #6998 located at 844 Cleveland Avenue, East Point, Fulton County, Georgia 30344. Defendant denies that there were no caution signs down at the time of the incident. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant denies the allegations of paragraph 10.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14.

15.

Defendant denies the allegations of paragraph 15.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant incorporates and re-alleges its responses to paragraphs 1-17 inclusive.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24.

25.

Defendant incorporates and re-alleges its responses to paragraphs 1-24 inclusive.

26.

Defendant denies the allegations of paragraph 26.

27.

Defendant denies the allegations of paragraph 27.

28.

Defendant denies the allegations of paragraph 28.

29.

Defendant denies the allegations of paragraph 29.

30.

Defendant denies the allegations of paragraph 30.

31.

Defendant incorporates and re-alleges its responses to paragraphs 1-30 inclusive.

32.

Defendant denies the allegations of paragraph 32.

33.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by Defendant.

WHEREFORE having answered, Defendant prays that they it discharged, with its costs, that it receive a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 10th day of June, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant WalMart,
Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Jameson Sackey
Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, GA 30350

This 10<u>th</u> day of June, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com